# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 5046 | **DATE** | 10/8/2003 |
| **CASE TITLE** | USA, ex rel. PATRICK EARL vs. DONALD N. SNYDER | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____ . Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter memorandum opinion and order. The petition for a writ of habeas corpus is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | OCT 09 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | 12 |
| | Copy to judge/magistrate judge. | | | |
| LG | courtroom deputy's initials | 03 OCT -8 PM 2:15 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| UNITED STATES OF AMERICA ex rel. PATRICK EARL, | ) ) ) | |
|---|---|---|
| Petitioner, | ) ) ) | |
| vs. | ) ) | No. 03 C 5046 |
| DONALD N. SNYDER, etc., et al., | ) ) ) | |
| Respondents. | ) | |

DOCKETED
OCT 0 9 2003

## MEMORANDUM OPINION AND ORDER

Petitioner Patrick Earl, filed a petition seeking a writ of *habeas corpus,* arguing that the trial court failed to tell him that he would be required to serve a period of mandatory supervised release following his prison term. Petitioner argues that had the trial court done so he would not have pled guilty to the charges against him. For the following reasons, the petition is denied.

On March 29, 1999, in the Circuit Court of Cook County, Earl pled guilty to aggravated vehicular homicide and received a 10 ½-year prison sentence. He alleges that at the time of his guilty plea the trial court failed to admonish him about serving supervised release time and, therefore, violated Illinois Supreme Court Rule 402. Earl included this claim in his state court petition for post-conviction relief. On February 13, 2001, the court rejected his petition and the dismissal was affirmed by the Illinois Appellate Court, First District, on February 28, 2003. On June 4, 2003, the Illinois Supreme Court denied Earl's petition for leave to appeal.

In order to show entitlement to federal *habeas corpus* relief, petitioner must show that

/2

he is being held in custody in violation of the Constitution, laws or treaties of the Unites States. 28 U.S.C. § 2254(a); Estelle v. McGuire, 502 U.S. 62, 68 (1991); Haas v. Abrahamson, 910 F.2d 384, 389 (7th Cir. 1990). Plaintiff does not allege any such violation of federal laws. Instead, he alleges only a violation of an Illinois Supreme Court rule. Even if petitioner's allegations are true, an error by an Illinois court in applying its own rules is not cognizable in *habeas corpus* proceedings. See Smith v. Phillips, 455 U.S. 209, 221 (1982); Cramer v. Fahner, 683 F.2d 1376, 1385 (7th Cir.), *cert. denied*, 459 U.S. 1016 (1982) (stating that state court evidentiary rulings, because they are grounded in state law, can rarely serve as the basis for federal relief).

Moreover, petitioner's claim fails on the merits. We may grant *habeas corpus* relief only if the state court's decision is contrary to or employs an unreasonable application of Supreme Court precedent. 28 U.S.C. § 2254(d)(1); Williams v. Taylor, 529 U.S. 362, 367 (2000). The Illinois Appellate Court's decision in this case does not meet these criteria. The court determined that the trial court substantially complied with the requirement that it disclose the minimum and maximum sentences to the defendant. Petitioner presents no argument nor do we find any reason that this determination by the state court was flawed in any way. In fact, petitioner simply attaches the brief he submitted to the appellate court, presenting no additional arguments in support of his claims.

## CONCLUSION

For the foregoing reasons, the petition for a writ of *habeas corpus* is denied.

JAMES B. MORAN
Senior Judge, U. S. District Court

Oct. 8, 2003.